UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14141-CV-ROSENBERG
(13-14057-CR-ROSENBERG)
MAGISTRATE JUDGE REID

ROBIN GUILLAUME,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his convictions or sentences following a guilty plea in Case No. 13-14141-CV-ROSENBERG. [ECF No. 1].

This matter was referred to the Undersigned for consideration and report. *See* S.D. Fla. Admin. Order 2019-2. As set forth below, the Motion should be **DENIED**.

### II. Claims

Construing the Motion liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following claims:

1. Counsel was ineffective for failing to preserve for appellate review the Government's breach of the plea agreement;

2. The Government violated the plea agreement by recommending an upward variance and an upward departure.

[ECF No. 1; 1-1].

### III. Procedural Background

In the underlying criminal proceeding, pursuant to a plea agreement, Movant pled guilty to (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and (2) discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [CR ECF No. 228]; [CR ECF No. 331].

The Movant's presentence investigation report ("PSI") provided for a three-point reduction of the offense level pursuant to U.S.S.G. § 3E1.1(a)-(b). [PSI ¶¶ 58-59]. The PSI also set forth an advisory guidelines range of 60 to 63 months' imprisonment with a mandatory minimum term of 10 years' imprisonment to run consecutively. [PSI ¶ 104]. Lastly, the PSI explained that certain factors may warrant an upward departure from the authorized guideline range. [PSI ¶ 115].

The Government argued that the Court should impose an upward departure or upward variance from the advisory sentencing guidelines. [CR ECF No. 288]. After an extensive sentencing hearing, the Court agreed. [CR ECF No. 333, at 124-25]. Accordingly, the Court imposed a sentence of 188 months' imprisonment and a

consecutive sentence of 120 months' imprisonment. [CR ECF 288]. Although Movant appealed, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences. [CR ECF No. 363].

### IV. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and

internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## V. Discussion

A. Ground One

In Ground One, Movant contends counsel was ineffective for failing to preserve for appellate review the Government's alleged breach of the plea agreement, as the Government did not file a formal motion for reduction of sentence pursuant to U.S.S.G. § 3E1.1(b). [ECF No. 1, at 4]. The pertinent language in the plea agreement states: "If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines[.]"

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. The presumption of counsel's adequate performance wields "particular force where" the ineffective-assistance claim is based "solely on the trial record, creating a situation in which a court 'may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive.'" *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

To demonstrate prejudice, petitioners must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A probability that is reasonable is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

If a habeas litigant cannot meet one of *Strickland*'s prongs, a court need not address the other prong. *See, e.g.*, *Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (relying upon *Strickland*, 466 U.S. at 697).

In this case, the PSI factored in Movant's acceptance of responsibility pursuant to § 3E1.1(a)-(b). [PSI ¶¶ 58-59]. At sentencing, the Court took Movant's acceptance of responsibility into consideration but ultimately decided an upward variance and departure was warranted. [CR ECF No. 333, at 70, 124-25]. As such, Movant is unable to prove a reasonable probability of a different outcome because the sentence imposed reflects the sentencing court's ultimate decision to vary and depart upwards despite Movant's acceptance of responsibility into consideration.

The government correctly noted that the cases Movant cited are easily distinguishable. In *United States v. Hallock*, 530 F. App'x 875 (11th Cir. 2013) and *United States v. Hunter*, 835 F.3d 1320 (11th Cir. 2016), the government failed to support the defendant's request for the adjustment after agreeing to do so. Here, the government did not argue that Movant was not entitled to the acceptance-of-responsibility adjustment.

Because the government did not breach the agreement, there was no error for Movant's counsel to preserve. As a result, the Court need not address the deficiency prong. *See Dingle*, 480 F.3d at 1100. Ground One should, therefore, be denied.

B. Ground Two

In Ground Two, Movant contends the canon of *expressio unius est exclusio alterius* reveals the Government breached implied terms within the plea agreement

by pursuing an upward variance and upward departure at sentencing. [ECF No. 1, at 5]; [ECF No. 1-1, at 8-12].

To determine whether there was a breach of the plea agreement, it requires the Court to discern "whether the Government's actions were inconsistent with what the defendant reasonably understood when he entered his guilty plea." *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) (quoting *In re Arnett*, 804 F.2d 1200, 1202-03 (11th Cir. 1986)). Here, the record refutes Movant's claim.

To begin, Movant does not challenge the voluntariness of his guilty plea— only whether the Government breached an implied term by recommending an upward variance and departure. As such, "the representation of [Movant], his lawyer, and the prosecutor at [the] plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral challenges." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)) (alterations omitted). In fact, there is a strong presumption that statements made during a colloquy are true. *Winthrop-Redin*, 767 F.3d at 1217. Thus, all statements made by Movant during his colloquy remain entitled to their presumption of truth and correctness.

With that understanding of the record, Movant agreed there were no other agreements or promises than those contained in the plea agreement during his plea

colloquy. [CR ECF No. 331, at 19]. Movant also agreed that he understood the Court could depart from the advisory guidelines range and enter a more severe sentence than expected because the Court has the ultimate authority to enter a sentence up to the statutory maximum. [*Id.* at 10]

The plea agreement itself also reflects Movant's understanding of the Court's authority to impose a sentence up to the statutory maximum. The plea agreement clearly states: "Subject only to the express terms of any agreed upon sentencing recommendations contained in this agreement, this Office further reserves the right to make *any recommendations as to the quality and quantity of punishment*." [CR ECF No. 204, at 3] (emphasis added). As there was no express provision forbidding the Government from pursuing an upward variance or departure. In fact, the plea agreement put Movant was on notice that the Government reserved the right to recommend any sentence.

Viewed together, Movant has failed to show the Government's actions were inconsistent with what Movant reasonably understood when he pled guilty. Given his statements at the plea colloquy, Movant's after-the-fact allegations are refuted by the record or are otherwise incredible. See *Winthrop-Redin*, 767 F.3d at 1216-17. Therefore, this claim must be denied.

## VI. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). *Cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. Thus, an evidentiary hearing should be denied.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability,

9

prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

## VIII. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DENIED**. [ECF No. 1]. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 21st day of August, 2020.

10

_____
UNITED STATES MAGISTRATE JUDGE

cc: Robin Guillaume
04543-104
Estill
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 699
Estill, SC 29918
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov

Jennifer C. Nucci
U.S. Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
561-820-8711
Fax: 561-805-9846
Email: jennifer.nucci@usdoj.gov

11